**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MENDOZA ESQUIVEL, | No.   20-73521 |
| Petitioner, | Agency No. A077-149-829 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026**
Pasadena, California

Before:  SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Carlos Mendoza Esquivel (Esquivel), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his

appeal from an immigration judge's (IJ) decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The IJ determined that Esquivel's 1999 conviction for possession with intent to distribute cocaine was a particularly serious crime (PSC) that barred withholding of removal.  At the time of the IJ's decision, mental health was not considered part of the PSC analysis.  *Matter of G-G-S-*, 26 I. & N. Dec. 339 (BIA 2014).  While Esquivel's appeal to the BIA was pending, we decided *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 995–96 (9th Cir. 2018), in which we held that the BIA erred in holding that an alien's mental health could never be considered as part of that analysis.  In view of *Gomez-Sanchez*, Esquivel moved to remand to the IJ.

We reject Esquivel's argument that the BIA erred by failing to "issue a direct ruling on the motion to remand."  The BIA indicated its denial of the motion to remand by noting that Esquivel had not submitted any contemporaneous medical records showing he suffered from a mental health issue at the time of the criminal offense.  *See Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (the agency need only announce its decision in terms sufficient for the reviewing court to

---

[1] Before the agency, Esquivel admitted that his 1999 conviction for an aggravated felony rendered him ineligible for asylum.  Accordingly, we do not further address this form of relief.

2

determine that it "heard and thought and not merely reacted" (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010))).

The BIA did not abuse its discretion by denying the motion to remand. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). "[E]vidence of mental illness is only relevant to the [PSC] analysis insofar as an applicant attributes the offense to the illness." *Edgar G.C. v. Bondi*, 136 F.4th 832, 843 (9th Cir. 2025); *see also Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) (explaining that "*Gomez-Sanchez* did not impose a new standard that the IJ must always reference a petitioner's mental health in a 'particularly serious crime' determination"). Esquivel did not assert or offer any evidence (either at the merits hearing or in his motion to remand) that his criminal conduct in 1999 was attributed to his mental health.

Esquivel suggests that the BIA violated his due process rights by denying him an opportunity to present evidence. He fails to show prejudice because he does not point to evidence that he would have presented on remand. *See Lopez-Umanzor v. Gonzale*s, 405 F.3d 1049, 1058 (9th Cir. 2005) (stating that to succeed on a due process claim, a petitioner "must show prejudice, 'which means that the outcome of the proceeding *may have been affected* by the alleged violation'" (quoting *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003)).

2.      The agency did not abuse its discretion in determining that Esquivel's conviction for possession with intent to distribute cocaine was a PSC barring

3

withholding of removal. An alien convicted of a PSC is ineligible for withholding of removal under the Immigration Act or under CAT. *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). To determine whether a conviction constitutes a PSC, the agency considers "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), *superseded by statute in part*, 8 U.S.C. § 1253(b), (h) (1991), *as recognized in Miguel-Miguel v. Gonzales*, 500 F.3d 941, 945–46 (9th Cir. 2007). An offense involving trafficking a controlled substance is presumptively particularly serious. *Matter of Y-L-*, 23 I. & N. Dec. 270, 274–75 (BIA 2002); *see Park v. Garland*, 72 F.4th 965, 975 (9th Cir. 2023) (acknowledging that we have afforded deference to *Matter of Y-L-*). The applicant may rebut the presumption by showing extraordinary and compelling circumstances. *Park*, 72 F.4th at 975.

The agency applied the correct standard and considered the circumstances surrounding Esquivel's conviction and did not abuse its discretion in finding it a PSC. Esquivel argues that the agency ignored his credible testimony, but the record does not support this assertion. Esquivel also argues that the agency failed to consider his mental health. Esquivel, however, did not argue (either during the initial

4

proceedings or in his motion to remand) that he was suffering from mental health issues at the time of the offense in 1999.

    3.    The BIA did not err by affirming the denial of deferral of removal under CAT. The BIA considered the factors relevant to assessing the likelihood of future torture. *See* 8 C.F.R. § 1208.16(c)(3). The BIA did not err by concluding that Esquivel failed to meaningfully challenge the IJ's conclusion that he could relocate within Mexico. On appeal to the BIA, Esquivel challenged the IJ's determination that he had not experienced past torture. He did not, however, present any specific arguments regarding the possibility of relocation within Mexico. Thus, even if Esquivel preserved the issue of the likelihood of relocation, he still failed to present any specific arguments on this issue to the BIA. *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (A "conclusory statement does not apprise the BIA of the particular basis for [the petitioner's] claim" nor does it "meaningfully challenge the IJ's decision on appeal").

The agency did not ignore record evidence. The IJ specifically mentioned the record evidence Esquivel claims the agency ignored. Although the BIA did not specifically mention this evidence, it was not required to do so. *See Najmabadi*, 597 F.3d at 990 (explaining that the agency "does not have to write an exegesis on every contention" (citation omitted)). And Esquivel has not overcome the presumption

5

that the BIA reviewed all the evidence. *See Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025).

The record evidence, including evidence that Esquivel could relocate within Mexico and the country conditions evidence that Esquivel cites, does not compel the conclusion that Esquivel faces the requisite likelihood of torture in Mexico by or with the acquiescence of the government or public officials.

**PETITION DENIED**.[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. Dkts. 44, 49.